IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03153-GPG

(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

LAWRENCE HARRIS,

      Plaintiff,

v.

U.S. FEDERAL COURT JUDGE,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

      Plaintiff, Lawrence Harris, alleges that he resides in Denver.  Mr. Harris

submitted *pro se* a Complaint (ECF No. 1) for money damages.  As part of the Court's

review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the documents

are deficient as described in this order.  Plaintiff will be directed to cure the following if

he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order

must include the civil action number noted above in the caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   <u>X</u>   is not submitted
(2)   __   is missing notarization
(3)   __   is missing certified copy of prisoner's trust fund statement for the 6-month
                period immediately preceding this filing
(4)   __   is missing certificate showing current balance in prison account
(5)   __   is missing required financial information
(6)   __   is missing an original signature by the prisoner
(7)   __   is not on proper form
(8)   __   names in caption do not match names in caption of complaint, petition or
                habeas application
(9)   __   An original and a copy have not been received by the Court.
                Only an original has been received.

(10) __ other: <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing an amended application.</u>

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form (must use the Court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page no. ___
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the Court.  Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18) __ names in caption do not match names in text
(19) __ other:

Mr. Harris is suing an unnamed federal court judge, apparently because he disagrees with the order of dismissal entered in *Harris v. Tulsa 66ers*, No. 14-cv-02765-LTB (D. Colo. Oct. 16, 2014), which dismissed the action without prejudice for improper venue. *See* ECF No. 4 in No. 14-cv-02765.  Mr. Harris cannot obtain the relief he wants by suing the named Defendant or any other judicial officer who presided over his lawsuits because he disagrees with their decisions.  Judges are entitled to absolute immunity from liability for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. 356–57.  Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief.  *See Ysais v. New Mexico*, No. 09-2109, 373 F. App'x 863, 866 (10th Cir. April 16, 2010) (unpublished).  Although these cases discuss judicial immunity in the context of civil rights suits pursuant to 42 U.S.C. § 1983, no federal statute needs specifically to exclude judges in order for a judge to be entitled to judicial

2

immunity.  *See 15 Corporations, Inc. v. Denver Prosecutor's Office*, No. 13-cv-00251-WJM-MJW, 2013 WL 5781161, at *5 (D. Colo. Oct. 25, 2013) (unpublished).  Mr. Harris makes no argument supported by factual allegations that the unnamed Defendant judge acted outside of his authority or went beyond his jurisdiction.

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff asserts "Lawrence Harris" as a basis for this Court's jurisdiction.  ECF No. 1 at 2.  He makes the vague and conclusory allegation, in grammar as appearing in the Complaint, that

> Am asking for the amount of 75,000 tho initial amount was brought down to an amount of 12,000 wich I didn't sue for in Tulsa the initial amount was 75,000 that was brought down to 12,000 by Court of Appeals Judge in wich didn't agree s*ayi*ng that the Court of Appeals Judge pulled fraud with bring the amount down to 12,000 this granted with the sining judge out in Tulsa.  And aim asking to be put on thier team as well here as motion goes.

ECF No. 1 at 2.

The amended Complaint Mr. Harris files must comply with the pleading requirements of Rule 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Harris is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Mr. Harris's responsibility to present his claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Harris must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Harris's allegations to locate the

4

heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Harris will be given an opportunity to cure the deficiencies in his Complaint by submitting an amended Complaint that sues the proper defendants, asserts a proper basis for this Court's jurisdiction, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Mr. Harris must provide the full address for each named defendant.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Complaint.

Accordingly, it is

ORDERED that Plaintiff, Lawrence Harris, cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms for filing an Application to Proceed in District Court Without Prepaying Fees or Costs and a Complaint, along with the applicable instructions, from the Office of the Clerk or at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies

5

and filing an amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file an amended Complaint **within thirty days from the date of this order**, some claims against some defendants or the entire Complaint and action may be dismissed without further notice.

DATED November 21, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
United States Magistrate Judge