IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03153-GPG

LAWRENCE HARRIS,

      Plaintiff,

v.

U.S. DISTRICT COURT,

      Defendant.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Lawrence Harris, who alleges he resides in Denver, filed *pro se* a
Complaint (ECF No. 1) for money damages.  The Court reviewed the Complaint and
determined it was deficient.

      Therefore, on November 21, 2014, Magistrate Judge Gordon P. Gallagher
entered an order (ECF No. 3) directing Mr. Harris to cure a deficiency, i.e., either pay
the $400.00 filing fee or submit an Application to Proceed in District Court Without
Prepaying Fees or Costs, and to file an amended Prisoner Complaint within thirty days if
he wished to pursue his claims.  The November 21 order directed Mr. Harris to obtain
the Court-approved forms for filing an Application to Proceed in District Court Without
Prepaying Fees or Costs and a Complaint, along with the applicable instructions, from
the Office of the Clerk or at www.cod.uscourts.gov, and to use those forms in curing the
designated deficiency and filing an amended Complaint that sued the proper parties,
complied with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure, and asserted each Defendant's personal participation in the alleged
constitutional violations.  The November 21 order warned Mr. Harris that if he failed to
cure the designated deficiency or file an amended Prisoner Complaint as directed within
thirty days, the action may be dismissed without further notice.

On December 18, 2014, Mr. Harris submitted an amended Complaint that was
not on the Court-approved form he was directed to use in the November 21 order.  He
failed to submit an Application to Proceed in District Court Without Prepaying Fees or
Costs.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court
require litigants to use the Court-approved forms found on the Court's website.  Rule
83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local
rule imposing a form requirement unless it "causes a party to lose any right because of
a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  Mr. Harris makes no mention of
being unable to obtain the Court-approved forms for filing a Complaint or an Application
to Proceed in District Court Without Prepaying Fees or Costs, nor did he ask the Court
to mail him the forms because he was unable to obtain them.  Generally, "dismissal is
an appropriate disposition against a party who disregards court orders and fails to
proceed as required by court rules."  *United States ex rel. Jimenez v. Health Net, Inc.*,
400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly
has upheld the requirement that *pro se* litigants comply with local court rules requiring
use of proper Court-approved forms, and rejected constitutional challenges to such
rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district

2

court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).   Therefore, the amended Complaint and the action will be dismissed for failure to cure the deficiency designated in the November 21 order by filing an Application to Proceed in District Court Without Prepaying Fees or Costs and an amended Complaint as directed within the time allowed.

3

The Court notes that Mr. Harris may not sue the named Defendant, U.S. District Court.  The United States, as sovereign, is immune from suit unless it expressly consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 410 (1971); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Harris files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 4) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Lawrence Harris, within the time allowed to cure the deficiency designated in the order to cure of November 21, 2014, and file an amended Complaint as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this __5th__ day of ___January_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court